## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CONNER TRUE, M.D.,

     Plaintiff,                  CASE NO. 6:22-cv-00220 CEM-GJK

v.

THE NEMOURS FOUNDATION, a
Florida Not-For-Profit Corporation,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Connor True, M.D., by and through the undersigned counsel, hereby responds in opposition to the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by demonstrating to the Court as follows:

## INTRODUCTION

This case involves a medical resident who was dismissed from his rotation based on his known disability – anxiety. The Defendant purportedly dismissed him based on a drug test that confirmed, what the Defendant already knew, that he was taking medically prescribed marijuana to treat his anxiety. Plaintiff has alleged both disability discrimination claims and a claim for breach of his resident contract, which

required the Defendant to meet the established standards of evaluating and providing feedback regarding his performance during his rotation.

The Defendant seeks to dismiss these claims based on two very flawed premises. First, Defendant argues that his use of medical marijuana precludes him from bringing an ADA or FCRA claim. Second, Defendant argues that the fact that Plaintiff received negative feedback after his drug test precludes a breach of contract claim. As Plaintiff will demonstrate herein, Defendant has failed to establish beyond a doubt that the plaintiff can prove no set of facts in support any of his claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Fed. R. Civ. P. 8). Plaintiff is not required to provide "detailed factual allegations." *Smart v. City of Miami Beach*, 1 F. Supp. 3d 1350, 1354 (S.D. Fla. 2014) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stewart*

2

*v. Jones Util. & Contracting Co. Inc*., 806 F. App'x 738, 740 (11th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *Cordero v. Transamerica Annuity Serv. Corp*., 452 F. Supp. 3d 1292, 1300 (S.D. Fla. 2020). A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claims. *Stewart*, 806 F. App'x at 740; *Cordero*, 452 F. Supp. 3d at 1300. Consequently, a "complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Olson v. Dex Imaging, Inc*., 63 F. Supp. 3d 1353, 1358 (M.D. Fla. 2014) (quoting *Grossman v. Nationsbank, N.A*., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted)).

The Court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "In deciding a motion to dismiss under [Rule] 12(b), a court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial." *Dipietro v. City of Hialeah*, 424 F. Supp. 3d 1286, 1294 (S.D. Fla. 2020) (quoting *Al-Ghena Int'l Corp. v. Radwan*, No. 13-61557-Civ, 2014 WL 12729283, at *4 (S.D. Fla. Apr. 15, 2014) (internal quotation marks and citation omitted)); *see also Almendarez v. City of*

*Hollywood*, 0:16-cv-61175, 2016 WL 10540360, at *3 n.3 (S.D. Fla. Nov. 21, 2016) (refusing to weigh evidence at the motion-to-dismiss stage).

**MEMORANDUM OF LAW**

Defendant has moved to dismiss all of Plaintiff's claims in this action, with prejudice. Plaintiff will address the two counts of disability discrimination and the breach of contract claim separately below.

## I. Claims for Disability Discrimination in Violation of the ADA and the FCRA.

Plaintiff has alleged a claim for discrimination and wrongful termination based on disability under both the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq., and the Florida Civil Rights Act of 1992 ("FCRA"). The elements of both claims are the same.[1] "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007).

---

[1] In analyzing a disability discrimination claim under the FCRA, courts use the same framework as disability claims brought under the ADA. *Byrd v. BT Foods, Inc.*, 948 So. 2d 921 (Fla. 4th DCA 2007).

Defendant's only argument with regard to Plaintiff's disability discrimination claims is that Plaintiff was not a "qualified individual with a disability." (Doc. 10, pp. 10-17). Specifically, Defendant argues that, because Plaintiff has admitted to using medical marijuana, he is not a qualified individual under the ADA. (Doc. 10, p. 13). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *United States EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1344 (11th Cir. 2016) (quoting 42 U.S.C. § 12111(8)). However, the ADA excludes from its coverage "any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a).

The ADA defines the phrase "illegal use of drugs" as "the use of drugs, the possession or distribution of which is unlawful under the Controlled Substance Act." 42 U.S.C.A. § 12111(6)(A). The phrase does not include, however, "the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substance Act or other provisions of Federal law." *Id*.

Here, the Defendant seems to make two arguments: (1) that Plaintiff's marijuana use was illegal which makes him unqualified under the ADA and FCRA; and (2) in the alternative, that Plaintiff's state-authorized marijuana use does not qualify under the exception. Both arguments fail.

5

### A. Plaintiff's Marijuana Use Was Not Illegal.

Defendant falsely asserts in its motion that Plaintiff "has alleged that he was engaged in the illegal use of drugs during his employment." (Doc. 10, p. 12). Plaintiff clearly alleged that he "had seen a Cannabis specialist in order to obtain a prescription and a state-approved medical marijuana card," which he did obtain. (Doc. 1, ¶ 29). Other than the definition of "illegal use of drugs" under the ADA, which allows for the applicable exception, Defendant has not established that Plaintiff's marijuana use was illegal. Similarly, under Florida law, the definition of the term "medical use" includes the use of marijuana "authorized by a physician certification." Fla. Stat. § 381.986(j). Under the Florida criminal statute, illegal drug possession does not include a "controlled substance [that] was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice." Fla. Stat. § 893.13 (6)(a). Under these statutes, Plaintiff's use of marijuana in this situation was clearly legal under Florida state law.   Defendant also tries to argue that Plaintiff's marijuana use was illegal because he did not receive his state-approved medical marijuana card until January 5, 2021, after he was placed on leave. (Doc. 10, p. 15). The timing here is irrelevant as Plaintiff has alleged that he obtained a prescription from his treating physician. (Doc. 1, ¶ 29). Defendant has not established that having this card was

required for the marijuana use to be legal, nor do the Florida statutes cited above include that requirement. This argument fails.

### B. Plaintiff's Disability Discrimination Claim Is Based on His Anxiety; not Marijuana Use and the Drug Test Was a Pretext for Discrimination.

The Defendant next argues that "state-authorized medical marijuana use is not covered by [the authorized used] exception because it is not authorized by the CSA or another provision of federal law." (Doc. 10, p. 14). However, this issue has not conclusively been decided and the Eleventh Circuit has not addressed this issue directly. *Eccleston v. City of Waterbury*, No. 3:19-cv-1614 (SRU), 2021 U.S. Dist. LEXIS 52835 (D. Conn., March 22, 2021) ("The extent to which that exception for supervised use of a drug may apply to state-authorized medical marijuana use is somewhat of an unsettled area of law.").

In support of its position, Defendant cites the Ninth Circuit case, *James v. City of Costa Mesa*, 700 F.3d 394 (9th Cir. 2012), where the court found the ADA defines "illegal drug use" by reference to federal, rather than state, law, and federal law does not authorize the plaintiffs' medical marijuana use. *Id*. at 397. However, that case further explains as follows:

> We **do not** hold, as the dissent states, that "medical marijuana users are not protected by the ADA in any circumstance." We hold instead that the ADA does not protect medical marijuana users **who claim to face discrimination on the basis of their marijuana use**.

7

*Id*. at 413, n. 3 (emphasis added); See also 42 U.S.C. § 12210(a) (the illegal drug use exclusion applies only "when the covered entity **acts on the basis of such use**") (emphasis added). Several other courts have also held that the exclusion of coverage under the ADA for illegal drug use only applies when the employee alleges that the discrimination was **<u>based on the medical marijuana use</u>**, as opposed to discrimination based on a disability, as is the case here.

In *Eccleston*, for example, the court acknowledged that the *James* opinion was based on the fact that "the alleged discrimination was on the basis of medical marijuana use." *Eccleston* at *16 (emphasis added).  However, in *Eccleston*, the court found that the Plaintiff,

> was not precluded from claiming protections against discrimination merely by virtue of his medical marijuana use. Rather, Eccleston may still **state a cognizable claim for discrimination under the ADA if he can plausibly allege that he was discriminated against in the terms and conditions of employment on the basis of his diagnosis of PTSD, rather than on his medical marijuana use**.

Id.  at *19-20 (emphasis added). Similarly, in *EEOC v. Pines of Clarkston*, CASE NO. 13-CV-14076, 2015 U.S. Dist. LEXIS 55926 (E.D. Mich. April 29, 2015), the court explained that the reasoning in the *James* case was irrelevant because the Plaintiff did not allege that she was discriminated against on the basis of her use of

marijuana, but instead that she was terminated because of her epilepsy. *Id.* at \*17-18.

The court in *Pines of Clarkston*, also pointed out that this exception does not apply where the plaintiff claims defendant's proffered reason for the challenged employment action, namely her use of marijuana, is pretext for disability discrimination. *Id.* \*18. Similarly, here, Plaintiff has alleged that Defendant's reasoning -- the purported abuse of "illicit drugs" -- was pretextual. (Doc. 1, ¶ 44).

Defendant argues that Plaintiff's disability discrimination claim is not based on his anxiety but on his "illegal drug usage." (Doc. 10, p. 16). However, this argument is not based on the clear allegations of the Complaint, which control at this stage. The Complaint alleges repeatedly that Plaintiff's anxiety is the basis of his claims. (Doc. 1, ¶¶ 11-12). Plaintiff alleges he was granted leave by the Defendant to seek treatment for his anxiety. (Doc. 1, ¶ 14). Both Counts I (ADA) and II (FCRA) of the Complaint clearly assert that anxiety is the disability at issue in this case and the basis for Defendant's alleged discrimination. (Doc. 1, ¶ 36, 48). Plaintiff also alleges that the drug test was merely pretext for his termination. The Complaint alleges as follows:

> The Defendant asserts that Plaintiff was forced into the drug treatment program based on a "reasonable suspicion" that he was abusing drugs. However, this reason is pretextual. The Defendant knew Plaintiff had been prescribed medical marijuana by his psychiatrist prior to requiring that he submit to a drug test. In fact, the PRN evaluator was aware of

this prescription and agreed with the recommendation of Plaintiff's psychiatrist to continue taking medical marijuana to treat his anxiety.

(Doc. 1, ¶ 43).

Ultimately, the Complaint contains sufficient facts, when accepted as true, to state a claim for disability discrimination based on anxiety. Any question of fact that may exist, with regard to whether Plaintiff's marijuana use was legal or whether he was terminated based on his use of marijuana as opposed to his anxiety, cannot weigh into the Court's analysis of the motion to dismiss. See *Dipietro*, 424 F. Supp. 3d at 1294. Based on the foregoing, the Motion to Dismiss Plaintiff's disability discrimination claims under the ADA and FCRA should be denied.

## II.    Breach of Contract Claim.

To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages. *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) (citing *Murciano v. Garcia*, 958 So. 2d 423 (Fla. 3d DCA 2007)). The only element the Defendant is challenging here is whether there was a material breach.

In this case, Plaintiff has alleged that, pursuant to the contract at issue, Defendant was required to "evaluate, through the program Director and program faculty, the educational and professional progress and achievements of Resident/fellow in accordance with ACGME requirements." (Doc. 1, ¶¶ 60-61).

Those ACGME requirements state that "faculty members must directly observe, evaluate and **frequently provide feedback** on resident performance **during each rotation** or similar educational assignment." (Doc. 1, ¶ 62)(emphasis added).

Defendant argues that because "Plaintiff admits the Defendant evaluated his performance," there is no basis for a breach. (Doc. 10, pp. 18-19). However, that is not the allegation set forth in the Complaint. Plaintiff has clearly alleged that Defendant failed to provide "evaluation, correction and frequent feedback" during his rotation, and instead withheld the evaluations and feedback to later ambush and terminate him based on his known disability.  (Doc. 1, ¶ 66). In other words, the allegation is not that they failed to evaluate or provide any feedback **<u>at all</u>**, it is that they failed to provide the purported negative feedback that allegedly led to his termination, while he was still performing in his rotation, when that feedback would have benefited him.

To put it more in context, Defendant argues that the purpose of Plaintiff's meeting with Dr. Hoffman was to provide feedback on his performance, and as such, Plaintiff has admitted that he was indeed evaluated. (Doc. 10, p. 19). However, as the Complaint alleges more particularly, at this meeting, Plaintiff "was presented with false accusations and blatant fabrications regarding his performance **for the first time**." (Doc. 1, ¶ 18)(emphasis added). As the Complaint further alleges, "none of these complaints were ever brought to Plaintiff's attention by these attending

physicians during his rotation." (Doc. 1, ¶ 21). As the contract and the referenced ACGME requirements stipulate, feedback was to be provided "frequently . . . during each rotation or similar educational assignment." (Doc. 1, ¶ 62). That was not the case here, and as such, Defendant breached the contract.

Once again, any factual dispute regarding the Defendant's obligations under the contract cannot weigh into the Court's analysis of this motion to dismiss. See *Dipietro*, 424 F. Supp. 3d at 1294. Based on the foregoing, the Motion to Dismiss Plaintiff's breach of contract claim should be denied.

**WHEREFORE**, the Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety is due to be denied.

Submitted this the 20th day of April 2022.


/s/ Deborah Frimmel
**DEBORAH FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
docketing@burruezolaw.com
**BURRUEZO & BURRUEZO, PLLC**
911 Outer Road
Orlando, Florida 32814
Office: 407.630.6650
Facsimile: 407.754.2905

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a copy to John Lord, Esq., jlord@foley.com, Kate L. Pamperin, Esq., kpamperin@foley.com, FOLEY & LARDNER, LLP, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1900, Miami, FL 33131-2132 and Mary Caroline Cravatta, Esq., mcravatta@foley.com, FOLEY & LARDNER, LLP, 301 E Pine Street Suite 1200 Orlando, FL 32801-2703.

/s/ Deborah Frimmel

Deborah E. Frimmel, Esquire
*Attorney for Plaintiff*